UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KUANGHUEI LIANG, et al., | No. 2:20-cv-2520 TLN DB PS |
| Plaintiffs, | |
| v. | ORDER |
| STOCKTON POLICE DEPARTMENT, et al., | |
| Defendants. | |

Plaintiffs Kuanghuei Lang, Lijun Zhang, and Wen Sun are proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the court are plaintiffs' complaint and plaintiff Kuanghuei Liang's motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF Nos. 1 & 2.) Therein, plaintiffs complain about an interaction with officers of the Stockton Police Department.

The court is required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Here, plaintiffs' complaint is deficient. Accordingly, for the reasons stated below, plaintiffs' complaint will be dismissed with leave to file an amended complaint.

////

////

I.      **Plaintiff's Application to Proceed In Forma Pauperis**

Plaintiff Kuanghuei Lang's in forma pauperis application makes the financial showing required by 28 U.S.C. § 1915(a)(1).  However, plaintiffs Lijun Zhang and Wen Sun have not submitted applications to proceed in forma pauperis.[1]  Filing fees must be paid unless each plaintiff applies for and is granted leave to proceed in forma pauperis.

Moreover, the court is required to screen complaints brought by parties proceeding in forma pauperis.  See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc).  Plaintiff's in forma pauperis application makes the financial showing required by 28 U.S.C. § 1915(a)(1).  However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute.

"'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'"  Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

---

[1] Only plaintiff Kuanghei Liang has signed the complaint and provided an address.  Plaintiffs are advised that the right to represent oneself pro se is personal and does not extend to other parties.  Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008); see also Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing in propria persona has no authority to represent anyone other than himself.").  A non-attorney "has no authority to appear as an attorney for others than himself."  C.E. Pope Equity Trust v. U.S., 818 F.2d 696, 697 (9th Cir. 1987).  Individuals who are representing themselves in this court may not delegate the litigation of their claims to any other individual.  Local Rule 183(a).  In this regard, the name, address, and telephone number of each party must be included in the upper left-hand corner of each document presented for filing and each plaintiff must sign each document they file.  Local Rule 131(a) and (b); Fed. R. Civ. P. 11.)

The court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

## II.     Plaintiffs' Complaint

Here, plaintiffs' complaint fails to contain a short and plain statement of a claim over which this court would have jurisdiction. In this regard, the complaint alleges that on April 5, 2019, "8-police-patrol-car[s]" of defendant Stockton Police Department "created a great fear" in

////

1  plaintiffs and violated their "US Constitutional rights[.]"  (Compl. (ECF No. 1) at 4.)  The
2  complaint, however, fails to identify a cause of action or allege factual allegations in support.
3     Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a
4  complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that
5  state the elements of each claim plainly and succinctly.  Fed. R. Civ. P. 8(a)(2); Jones v.
6  Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels
7  and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor
8  does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual
9  enhancements.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555, 557).  A plaintiff
10 must allege with at least some degree of particularity overt acts which the defendants engaged in
11 that support the plaintiff's claims.  Jones, 733 F.2d at 649.
12    Plaintiffs are advised that a litigant who complains of a violation of a constitutional right
13 does not have a cause of action directly under the United States Constitution.  Livadas v.
14 Bradshaw, 512 U.S. 107, 132 (1994) (affirming that it is 42 U.S.C. § 1983 that provides a federal
15 cause of action for the deprivation of rights secured by the United States Constitution); Chapman
16 v. Houston Welfare Rights Org., 441 U.S. 600, 617 (1979) (explaining that 42 U.S.C. § 1983 was
17 enacted to create a private cause of action for violations of the United States Constitution); Azul-
18 Pacifico, Inc. v. City of Los Angeles, 973 F.2d 704, 705 (9th Cir. 1992) ("Plaintiff has no cause
19 of action directly under the United States Constitution.").
20    42 U.S.C. § 1983 provides that,

> [e]very person who, under color of [state law] ... subjects, or causes
> to be subjected, any citizen of the United States ... to the deprivation
> of any rights, privileges, or immunities secured by the Constitution
> and laws, shall be liable to the party injured in an action at law, suit
> in equity, or other proper proceeding for redress.

24 But "'§ 1983 excludes from its reach merely private conduct, no matter how
25 discriminatory or wrong.'"  Sutton v. Providence St. Joseph Medical Center, 192 F.3d 826, 835
26 (9th Cir. 1999) (quoting American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999)).
27    Moreover, "[i]n Monell v. Department of Social Services, 436 U.S. 658 (1978), the
28 Supreme Court held that a municipality may not be held liable for a § 1983 violation under a

theory of respondeat superior for the actions of its subordinates." Castro, 833 F.3d at 1073.  In this regard, "[a] government entity may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011) (citing Monell, 436 U.S. at 694).

In order to allege a viable Monell claim against the Stockton Police Department plaintiffs "must demonstrate that an 'official policy, custom, or pattern' on the part of [the defendant] was 'the actionable cause of the claimed injury.'" Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1143 (9th Cir. 2012) (quoting Harper v. City of Los Angeles, 533 F.3d 1010, 1022 (9th Cir. 2008)).  There are three ways a "policy" can be established.  See Clouthier, 591 F.3d at 1249-50.

"First, a local government may be held liable 'when implementation of its official policies or established customs inflicts the constitutional injury.'" Id. at 1249 (quoting Monell, 436 U.S. at 708 (Powell, J. concurring)).  Second, plaintiff may allege that the local government is liable for a policy of inaction or omission, for example when a public entity, "fail[s] to implement procedural safeguards to prevent constitutional violations" or fails to adequately train its employees.  Tsao, 698 F.3d at 1143 (citing Oviatt v. Pearce, 954 F.2d 1470, 1477 (9th Cir. 1992)); see also Clouthier, 591 F.3d at 1249 (failure to train claim requires plaintiff show that "the need for more or different training [was] so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers . . . can reasonably be said to have been deliberately indifferent to the need.") (quoting City of Canton v. Harris, 489 U.S. 378, 390 (1989)); Long v. County of Los Angeles, 442 F.3d 1178, 1186 (9th Cir. 2006) ("To impose liability against a county for its failure to act, a plaintiff must show: (1) that a county employee violated the plaintiff's constitutional rights; (2) that the county has customs or policies that amount to deliberate indifference; and (3) that these customs or policies were the moving force behind the employee's violation of constitutional rights.").  "Third, a local government may be held liable under § 1983 when 'the individual who committed the constitutional tort was an official with final policy-making authority' or such an official 'ratified a subordinate's

unconstitutional decision or action and the basis for it.'" Clouthier, 591 F.3d at 1250 (quoting Gillette v. Delmore, 979 F.2d 1342, 1346–47 (9th Cir. 1992)).

However, a complaint alleging a Monell violation "'may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.'" AE ex rel. Hernandez v. Cty. of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (quoting Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011)). At a minimum, the complaint should "identif[y] the challenged policy/custom, explain[ ] how the policy/custom was deficient, explain[ ] how the policy/custom caused the plaintiff harm, and reflect[ ] how the policy/custom amounted to deliberate indifference[.]" Young v. City of Visalia, 687 F. Supp. 2d 1141, 1149 (E.D. Cal. 2009); see also Little v. Gore, 148 F.Supp.3d 936, 957 (S.D. Cal. 2015) ("Courts in this circuit now generally dismiss claims that fail to identify the specific content of the municipal entity's alleged policy or custom.").

### III.     Leave to Amend

For the reasons stated above plaintiffs' complaint must be dismissed. The undersigned has carefully considered whether plaintiffs may amend the complaint to state a claim upon which relief can be granted and over which the court would have jurisdiction. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972)); see also Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be

////

1  cured by amendment.") (quoting <u>Schucker v. Rockwood</u>, 846 F.2d 1202, 1203-04 (9th Cir.
2  1988)).

3      Here, the undersigned cannot yet say that it appears beyond doubt that leave to amend
4  would be futile.  Plaintiffs' complaint will therefore be dismissed, and plaintiffs will be granted
5  leave to file an amended complaint.  Plaintiffs are cautioned, however, that if plaintiffs elect to
6  file an amended complaint "the tenet that a court must accept as true all of the allegations
7  contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements
8  of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft</u>, 556
9  U.S. at 678.  "While legal conclusions can provide the complaint's framework, they must be
10 supported by factual allegations." <u>Id.</u> at 679.  Those facts must be sufficient to push the claims
11 "across the line from conceivable to plausible[.]" <u>Id.</u> at 680 (quoting <u>Twombly</u>, 550 U.S. at 557).

12     Plaintiffs are also reminded that the court cannot refer to a prior pleading in order to make
13 an amended complaint complete.  Local Rule 220 requires that any amended complaint be
14 complete in itself without reference to prior pleadings.  The amended complaint will supersede
15 the original complaint.  See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, in an amended
16 complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in
17 the caption and identified in the body of the complaint, and each claim and the involvement of
18 each defendant must be sufficiently alleged.  Any amended complaint which plaintiffs may elect
19 to file must also include concise but complete factual allegations describing the conduct and
20 events which underlie plaintiff's claims.

21     **CONCLUSION**

22     Accordingly, IT IS HEREBY ORDERED that:

23     1. The complaint filed December 21, 2020 (ECF No. 1) is dismissed with leave to
24 amend.

25     2. Within twenty-eight days from the date of this order, an amended complaint shall be
26 filed that cures the defects noted in this order and complies with the Federal Rules of Civil
27 ////
28 ////

Procedure and the Local Rules of Practice.[2]  The amended complaint must bear the case number assigned to this action and must be titled "Amended Complaint," provide the address for each plaintiff, and be signed by each plaintiff.

3. Within twenty-eight days of the date of this order plaintiffs Lijun Zhang and Wen Sun shall each submit an application to proceed in forma pauperis or plaintiffs shall pay the applicable filing fee.

4. Failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed.

DATED: April 1, 2021              /s/ DEBORAH BARNES
                                  UNITED STATES MAGISTRATE JUDGE

---

[2] Alternatively, if plaintiffs no longer wish to pursue this action plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.