1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    KUANGHUEI LIANG, et al.,              No.  2:20-cv-2520 TLN DB PS

12                    Plaintiffs,

13          v.                              FINDINGS AND RECOMMENDATIONS

14    STOCKTON POLICE DEPARTMENT, et
      al.,
15

16                    Defendants.

17

18          Plaintiffs Kuanghuei Lang, Lijun Zhang, and Wen Sun are proceeding in this action pro

19    se.  This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28

20    U.S.C. § 636(b)(1).  Pending before the court are plaintiffs' amended complaint, motions to

21    proceed in forma pauperis pursuant to 28 U.S.C. § 1915, and motion for leave to file a second

22    amended complaint.  (ECF Nos. 2, 4-8.)  The allegations found in the amended complaint concern

23    a dispute between plaintiffs and a neighbor, and the criminal and civil state court proceedings

24    related to the parties' dispute.

25          The court is required to screen complaints brought by parties proceeding in forma

26    pauperis.  See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir.

27    2000) (en banc).  Here, plaintiffs' amended complaint is deficient.  Accordingly, for the reasons

28    ////

                                              1

stated below, the undersigned will recommend that plaintiffs' amended complaint be dismissed without further leave to amended.

## I.      Plaintiffs' Application to Proceed In Forma Pauperis

Plaintiffs' in forma pauperis applications makes the financial showing required by 28 U.S.C. § 1915(a)(1).  However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute.

"'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'"  Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

The court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.  See 28 U.S.C. § 1915(e)(2).  A complaint is legally frivolous when it lacks an arguable basis in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In considering whether a complaint states a cognizable claim, the court accepts as

2

true the material allegations in the complaint and construes the allegations in the light most

favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v.

Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245

(9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by

lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true

conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western

Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a
> short and plain statement of the grounds upon which the court's
> jurisdiction depends . . . , (2) a short and plain statement of the claim
> showing that the pleader is entitled to relief, and (3) a demand for
> judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

**II.     Plaintiffs' Amended Complaint**

As was true of the original complaint plaintiffs' amended complaint is deficient in several

respects.  Specifically, the amended complaint fails to contain a short and plain statement of a

claim.  In this regard, no claims or causes of action are stated against any named defendant.

Instead, the amended complaint simply provides vague and conclusory factual allegations

followed by the assertion that the defendants "violated" plaintiffs' rights.  (Am. Compl. (ECF No.

4) at 14, 17.)

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a

complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that

state the elements of each claim plainly and succinctly.  Fed. R. Civ. P. 8(a)(2); Jones v.

Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels

and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor

does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual

enhancements.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555, 557).  A plaintiff

must allege with at least some degree of particularity overt acts which the defendants engaged in

that support the plaintiff's claims.  Jones, 733 F.2d at 649.

Moreover, the allegations of the amended complaint concern the actions of plaintiffs' neighbor, "Mr. Anderson," who allegedly violated plaintiffs' constitutional rights "since 2001 when he moved in." (Am. Compl. (ECF No. 4) at 14.) The amended complaint makes vague reference to "gunshots, fights and break-ins," "marriage issues," "financial issues," destruction of a fence, and verbal confrontations between the parties. (Id. at 14-17.)

However, a litigant who complains of a violation of a constitutional right does not have a cause of action directly under the United States Constitution. Livadas v. Bradshaw, 512 U.S. 107, 132 (1994) (affirming that it is 42 U.S.C. § 1983 that provides a federal cause of action for the deprivation of rights secured by the United States Constitution); Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 617 (1979) (explaining that 42 U.S.C. § 1983 was enacted to create a private cause of action for violations of the United States Constitution); Azul-Pacifico, Inc. v. City of Los Angeles, 973 F.2d 704, 705 (9th Cir. 1992) ("Plaintiff has no cause of action directly under the United States Constitution.").

42 U.S.C. § 1983 provides that,

> [e]very person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

But "'§ 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong.'" Sutton v. Providence St. Joseph Medical Center, 192 F.3d 826, 835 (9th Cir. 1999) (quoting American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999)).

The amended complaint also takes issue with the adequacy of the investigation by the Stockton Police Department into plaintiffs' allegations with respect to Mr. Anderson, the conduct of the "D.A. Office" in relation to those allegations, and the "Courthouse" as it pertains to judicial decisions. (Am. Compl. (ECF No. 4) at 14-25.) However, "[t]he failure of police officers to conduct an adequate investigation is not sufficient to state a civil rights claim under Section 1983 'unless there was another recognized constitutional right involved.'" Williams v. City of Boston, 771 F.Supp.2d 190, 200 (D. Mass. 2011) (quoting Gomez v. Whitney, 757 F.2d 1005, 1006 (9th Cir. 1985). "[I]t is well established that a prosecutor has absolute immunity for the decision to

4

prosecute," as well as "for the decision not to prosecute." Roe v. City and County of San Francisco, 109 F.3d 578, 583 (9th Cir. 1997). And, "[i]t is well established that state judges are entitled to absolute immunity for their judicial acts." Swift v. California, 384 F.3d 1184, 1188 (9th Cir. 2004) (citing Pierson v. Ray, 386 U.S. 547, 553-54 (1967)).

The amended complaint asks that this court "make a formal complaint to this criminal proceeding and request to reopen this case." (Am. Compl. (ECF No. 4) at 14.) Such a request is "not actionable in a civil rights case." Bryant v. Quintero, No. C 01-2721 (WHA)(PR), 2001 WL 1018717, at *1 (N.D. Cal. Aug. 20, 2001) (citing United States v. Batchelder, 442 U.S. 114, 124 (1979)).

Moreover, under the Rooker-Feldman doctrine a federal district court is precluded from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). The Rooker-Feldman doctrine applies not only to final state court orders and judgments, but to interlocutory orders and non-final judgments issued by a state court as well. Doe & Assoc. Law Offices v. Napolitano, 252 F.3d 1026, 1030 (9th Cir. 2001); Worldwide Church of God v. McNair, 805 F.2d 888, 893 n. 3 (9th Cir. 1986).

## II. Further Leave to Amend

For the reasons stated above, the undersigned finds that plaintiffs' amended complaint should be dismissed. The undersigned has carefully considered whether plaintiffs could further amend the complaint to state a claim upon which relief could be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). In light of the deficiencies noted above and plaintiffs' inability to successfully

////

////

amend the complaint, the undersigned finds that it would be futile to grant plaintiffs further leave to amend.[1]

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff Kuanghuei Lang's December 21, 2020 application to proceed in forma pauperis (ECF No. 2) be denied;

2. Plaintiff Kuanghuei Lang's April 28, 2021 application to proceed in forma pauperis (ECF No. 5) be denied;

3. Plaintiff Wen Sun's April 28, 2021 application to proceed in forma pauperis (ECF No. 6) be denied;

4. Plaintiff Lijun Zhang's April 28, 2021 application to proceed in forma pauperis (ECF No. 7) be denied;

5. Plaintiffs' April 28, 2021 amended complaint (ECF No. 4) be dismissed without further leave to amend;

6. Plaintiffs' June 2, 2021 motion for further leave to amend (ECF No. 8) be denied; and

7. This action be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within thirty days after being served with these findings and recommendations, plaintiffs may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."

////

////

////

////

---

[1] It appears that this is not the first-time plaintiffs have been unable to state a claim related to these factual allegations. See Liang v. Anderson, No. 2:20-cv-1990 JAM TLN DB PS, 2021 WL 1173015, at *1 (E.D. Cal. Mar. 29, 2021).

Plaintiffs are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 24, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/liang2520.dism.f&rs